A. S. ERICKSON AND CORDELIA B. ERICKSON, PLAIN-
TIFFS AND APPELLANTS, *v.* W. C. TOY AND MRS. W. C. TOY,
DEFENDANTS AND RESPONDENTS.

No. 10466
Submitted January 10, 1963. Decided April 10, 1963.
Rehearing denied May 22, 1963.
385 P.2d 268

Horace J. Dwyer (argued), Anaconda, for appellants.

Angland & Marra, Joseph R. Marra (argued), Great Falls, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Third Judicial District in Powell County which order granted defendants' motion for change of venue from Powell to Cascade County.

Appellants, plaintiffs below, filed their complaint in Powell County on December 9, 1960. Summons was issued the same day. Before service of summons was made, one of the defendants named, W. C. Toy, died. This was December 11, 1960. The summons was never served. An amended complaint was filed and served which joined the estate of the deceased W. C. Toy. Then a second amended complaint was filed on July 10, 1961, to which the motion for change of venue was directed.

We point out that the first complaint was never served. So far as the motion for change of venue is concerned, it was directed to the amended complaint. Previously in this cause a motion to dismiss the appeal was made. We decided that motion to dismiss, and in an order dated October 26, 1962, said in part:

"It is apparent from the exhibits attached to the motion and the transcript that the inclusion of the original complaint is surplusage; that the second amended complaint had annexed thereto a copy of the creditors' claim as Exhibit 'A'; that the correct title of the action is as shown on the second amended complaint attached to the motion.

"The Court therefore will consider this matter on oral argument of the appeal under the correct title and with Exhibit 'A' attached to the second amended complaint, fully aware that

the order appealed from is based *solely upon the second amended complaint."* Emphasis supplied.

The foregoing is related because, in spite of our order, appellant's counsel in his reply brief insists that the original complaint, which was never served, somehow establishes a different situation than is revealed in the amended complaints. The recitation of our order above demonstrates that the original complaint is *functus officio* as to facts germane to this appeal.

Thus, we shall look to the second amended complaint to determine what is involved. The complaint in substance alleges that William C. Toy died testate; that his wife, Bernice M. Toy was appointed executrix of his estate in Cascade County; that an oral agreement, to be reduced to writing, was entered into in June, 1956, to lease some farm land in Powell County for a period of years; that the oral agreement was made in Great Falls, Cascade County, by the now deceased, William C. Toy, as an individual and as agent for his wife; that plaintiffs, appellants here, did what they were required to do under the alleged oral contract, but that they did not complete their performance because a new owner by purchase, one David Coughlin, gave the plaintiffs notice in October of 1959 to surrender on or before December 31, 1959, and that plaintiffs complied with the notice by surrendering possession, and that as a result the plaintiffs sustained certain damages.

The complaint then alleges that in March 1961, the plaintiffs filed a creditor's claim in the estate of William C. Toy, and that the creditor's claim was rejected, this all in Cascade County. The motion for change of venue and the affidavit show the residence of the defendants to be in Cascade County.

The single problem we shall consider is whether the order granting the change of venue from Powell to Cascade County was correct.

R.C.M.1947, § 93-2904, upon which appellant relies, reads in part as follows:

"* * * Actions upon contracts may be tried in the county

in which the contract was to be performed, \* \* \* subject, however, to the power of the court to change the place of trial as provided in this code."

In Fraser v. Clark, 128 Mont. 160, 177, 180, 185, 186, 273 P.2d 105, 114 we laid down the rule as follows:

"*General Rule.* The general rule governing venue in civil actions is that the action shall be tried in the county in which the defendants reside at the commencement of the action. Hardenburgh v. Hardenburgh, 115 Mont. 469, 473, 146 P.2d 151. \* \* \*

"\* \* \* the main clause of the first sentence of § 93-2904 contemplates that ordinarily and when possible the action shall be tried in the county in 'which the defendants reside at the commencement of the action, the four subordinate clauses simply setting forth circumstances under which exceptions and departures from the general rule are permitted. *Thus does the statute make the place of the defendants' residence at the commencement of the action the first and foremost factor in determining the venue.* \* \* \*

"\* \* \* in 56 Am.Jur., Venue, § 35, pp. 39, 40, wherein it is said: 'Provision is frequently made for the bringing of actions upon contract in the county wherein the contract was to be performed. Where such a provision is in the nature of an exception to a general requirement that an action be tried in the county of the defendant's residence, *it is construed to be applicable only when the contract is by its express terms to be performed in a particular county.*'

"We subscribe to this statement of the law and consider the provisions of the second sentence of § 93-2904 insofar as same relate to actions upon contracts to be in the nature of an exception to the general rule enacted in the main clause of the first sentence of § 93-2904 providing generally that actions be tried in the county of the defendant's residence. \* \* \*

"The early decisions of this court uniformly held that in actions upon contracts *the exception provided in the second*

*sentence of the statute, now* § *93-2904,* to the general rule provided in the first and main clause thereof, § 93-2904, *applies only to actions upon express contracts* (Bond v. Hurd, 31 Mont. 314, 78 P. 579, 3 Ann.Cas. 566), *wherein the contract sued upon discloses on its face that it was to be performed in a particular county other than that of the defendant's residence,* Yore v. Murphy, 10 Mont. 304, 25 P. 1039, 1040, and that 'In all other cases' the proper place of trial of the action was regulated by the provisions of the first sentence of the statute, § 93-2904, enacting the general rule governing the place of trial which, in the first instance, provides that 'the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action'." Emphasis supplied. See also Johnson v. Clark, 131 Mont. 454, 311 P.2d 772.

In Love v. Mon-O-Co Oil Corp., 133 Mont. 56, 61, 319 P.2d 1056, which seems to be the principal case relied upon by plaintiffs, a written contract showed that all of the acts required to be performed by the plaintiff were to be performed in Fallon County where the plaintiff brought his action. The court stated:

"\* \* \* the statute means that either the county of defendants' residence, or the county where the contract was to be performed, is the proper county for the trial of the action, and if the plaintiff chooses either of those counties, defendant may not have it removed \* \* \*.

"The law does not require that the parties to a contract agree upon a place for the performance of their contract, but it permits them to so agree. *When, at the time of contracting, the parties have agreed upon a particular county wherein they mutually intended their contract was to be performed, such agreement will be respected and given effect,* for it is a part of the freedom of contract to select the place where a contract shall be performed. *In order to give full effect to the mutual intention of parties, the legislature has enacted, as a permissive exception to the general venue rule declared in the first sentence of section 93-2904* an additional provision, appearing in the

second sentence of the section, designating the county wherein, at the time of contracting, the parties had agreed their contract was to be performed as a proper county for the trial of an action based thereon. *This performance exception, however, applies only to such actions as are based upon contracts which plainly show,* either (a) by their express terms, or (b) by the necessary implication therefrom, *that the contracting parties, at the time of contracting, did mutually agree upon a particular county, other than that of defendant's residence, wherein they intended that their contract was to be performed."* Emphasis supplied.

Previous to these cases, when the word "may" in the statute, (section 93-2904) was being construed as "must", the court held in Hanlon v. Great Northern Ry., 83 Mont. 15, 20, 268 P. 547, that the exception with respect to actions upon contracts meant that they would be tried in the county in which they were to be performed *in full, not in part.*

Returning now to the complaint, it is alleged that an oral agreement was made in Cascade County to lease some farm land in Powell County for a period of more than one year, viz., until December 31, 1961. We shall ignore the obvious question concerning the statute of frauds, R.C.M.1947, § 93-1401-5 which requires transfers of property to be in writing. But, the alleged oral contract pleaded does not, nor apparently could it, contain any allegation that the contract was to be performed in full or even in part in Powell County. Assuming that the cause of action is for breach of an oral agreement to enter into a written agreement, still no allegation, sufficient as against a proper and timely motion to change venue, is made since the agreement allegedly breached was to be performed in Cascade County. The assumption, that it being alleged as a type of share-crop arrangement must mean performance was to be where the land is situated, does not aid the plaintiffs. Nowhere is there any allegation sufficient to get away from the general rule as related in the Frazer case above that the residence of the de-

fendant is the proper venue. As shown in the Love case, supra, the performance exception applies only to such actions as are based upon contracts which plainly show either, (a) by their express terms or, (b) by necessary implication therefrom, that the contracting parties mutually agreed upon a particular county other than that of defendant's residence, wherein they intended that their contract was to be performed.

Then, too, the amended complaint shows on its face that it was a suit on a rejected creditor's claim. The alleged creditor, plaintiffs, had invoked the jurisdiction of the court in Cascade County in filing the claim.

But at any rate, because of the ambiguity apparent in the averments of the complaint, those ambiguities will be resolved against the pleader. Johnson v. Clark, 131 Mont. 454, 461, 311 P.2d 772.

Thus, the general rule applies. The proper county is where the estate is being probated, where the defendants reside, where service was made and the creditor's claim filed. The order appealed from is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON and DOYLE concur.

MR. JUSTICE ADAIR:

I dissent, and reserve the right to file my dissenting opinion later.