No. 12424

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

HAROLD E. ARMON,

                    Plaintiff and Respondent,

-vs-

DEWAYN  L. STEWART,

                  Defendant and Appellant.

---

Appeal from:  District Court of the Eighth Judicial District,
             Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

    For Appellant:

        Dola N. Wilson, Jr. argued, Great Falls, Montana.

    For Respondent:

        Swanberg, Koby, Swanberg & Matteucci, Great Falls,
        Montana.
        Gorham Swanberg argued, Great Falls, Montana.

---

                Submitted:  May 30, 1973

                  Decided:  JUN - 8 1973

Filed:  JUN - 8 1973

        _Thomas J. Kearney_
                        Clerk

Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by defendant Dewayn L. Stewart from the denial of his motion for change of venue entered in the district court of Cascade County on September 27, 1972.

Suit was brought by Harold E. Armon against Stewart in Cascade County on August 17, 1972. The subject matter of the suit was a "cattle shares agreement" allegedly breached by Stewart. On September 6, 1972, a motion for change of venue from Cascade County to Toole County was filed. In his affidavit accompanying the motion, Stewart stated:

> "That the convenience of witnesses and the ends of justice would be promoted and best served by changing the place of trial from the County of Cascade to the County of Toole, wherein defendant resides and conducts his businesses."

In response, plaintiff Armon filed an affidavit in opposition which stated in pertinent part:

> "That at the time said agreement was signed it was the intention of all parties that the lease would be performed in either Cascade County, Montana, or Chouteau County, Montana. That in fact, the lease was performed in Cascade County, Montana, in that the cattle mentioned in said lease were transported to a ranch owned by Dola Wilson, which I was leasing near Fort Shaw, Montana, a town in Cascade County, and affiant performed the agreement and wintered the cattle on said property in Cascade County, Montana."

The "cattle shares agreement" provided the expenses of trucking the cattle from Stewart's ranch to Armon's ranch were to be shared equally and also that the cattle were not to be removed from Cascade or Chouteau counties without Stewart's consent.

On the basis of the allegations in the complaint and the affidavits, the court denied the motion, stating in its order:

> "* * * It appears to the court that the contract was to be performed on the plaintiff's property; that the affidavit on file shows that the plaintiff's property was in Cascade County, and that the contract was performed there. It further appears to the court that most of the witnesses to appear at the trial will be residents of Cascade County."

The issue here is whether it was error for the district court to deny the change of venue. Defendant Stewart maintains that under section 93-2904, R.C.M. 1947, the proper venue is in Toole County, the residence of defendant. Section 93-2904, R.C.M. 1947, reads in part:

> "In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action * * *. Actions upon contracts may be tried in the county in which the contract was to be performed * * *."

Stewart argues that the last sentence of section 93-2904 is not applicable to this case because of this Court's holding in McGregor v. Svare, 151 Mont. 520, 524, 445 P.2d 571. There we held the test for determining whether a contract action should be tried in a county other than the county of the defendant's residence to be:

> "'To maintain suit in another county than that of defendant's residence plaintiff <u>must clearly show the facts relied on to bring the case within one of the exceptions to the rule and the contract must state so clearly that it is to be performed in another county than that of defendant's residence that no other fair construction can be placed upon it.</u>'"

Stewart is in error in his assertion that Armon did not meet this test. The allegations in the complaint and those contained in Armon's affidavit clearly show that the contract was to be performed either in Chouteau County or Cascade County and the contract until the time of the alleged breach was performed in Cascade County. There are no facts contained in Stewart's affidavit to contradict Armon's statements. The district court and this Court must accept the facts in those affidavits as being true. Cormier Bros., Inc. v. Willcutt, 154 Mont. 297, 299, 462 P.2d 889; Fraser v. Clark, 128 Mont. 160, 273 P.2d 105.

The district court did not commit error in denying the motion for change of venue. Its ruling comes squarely within the holding of this Court in <u>Cormier Bros.</u> where we held:

> "'This performance exception, however, applies only to such actions as are based upon contracts which

plainly show, either (a) by their express terms, or (b) by necessary implication therefrom, that the contracting parties, at the time of contracting, did mutually agree upon a particular county, other than that of defendant's residence, wherein they intended that their contract was to be performed.'"

On the basis of the information contained in the affidavit and the contract which was made a part of the complaint, the district court could determine by necessary implication that the parties mutually agreed to perform the contract in Cascade County or Chouteau County. Because the contract was to be performed in Cascade County and the plaintiff chose that county to bring suit, Stewart does not have/the right to remove it.

As this Court stated in Cormier Bros., citing from Love v. Mon-O-Co Oil Corp., 133 Mont. 56, 61, 319 P.2d 1056:

"'* * * the statute means that either the county of defendant's residence, or the county where the contract was to be performed, is the proper county for the trial of the action, and if the plaintiff chooses either of those counties, defendant may not have it removed * * *.'"

For the foregoing reasons, the judgment of the district court is affirmed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Associate Justices

- 4 -