No. 88-453

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

MARTHA M. BERLIN and DONALD J.
PETERSON,

Plaintiffs and Respondents,

-vs-

BRETT A. BOEDECKER,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Loren J. O'Toole, II; O'Toole & O'Toole, Plentywood,
Montana

For Respondent:

James A. Manley, Polson, Montana

Submitted on Briefs: Dec. 9, 1988

Decided: January 25, 1989

Filed:

'89 JAN 25 AM 10 04
ED SMITH, CLERK
MONTANA SUPREME COURT

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant appeals from an order by the District Court of the Eleventh Judicial District, Flathead County, denying his motion for a change of venue. We affirm the District Court's denial.

In May of 1984, Joseph Berlin, allegedly acting on behalf of his wife Martha Berlin, and Donald Peterson met with defendant Boedecker in Dawson County and told Boedecker of their interest in purchasing mineral investments. All orally agreed that Boedecker would find, evaluate and appraise potential mineral investment opportunities for the plaintiffs in return for an agreed upon commission. The parties did not agree upon a place of performance for this oral contract.

Later that same month, defendant Boedecker told plaintiffs he had a potential seller of such mineral interests. The plaintiffs, defendant and the potential seller (who was defendant's brother) subsequently met together in Flathead County. At this meeting, defendant allegedly apprised plaintiffs of the value of these mineral interests located in eastern Montana and western North Dakota. Plaintiffs subsequently purchased these mineral interests from the seller for $175,000, and defendant was paid the agreed upon commission in Missoula County.

Plaintiffs later determined that the mineral interests were nearly worthless. They then filed suit in Flathead County on March 10, 1988, alleging in Count I that defendant breached his contractual obligation by appraising and evaluating the mineral interests at an inflated value and by representing the seller's interests while under obligation to the plaintiffs. Plaintiffs also alleged in Counts II and III that defendant tortiously breached his fiduciary duty of

2

reasonable care in regards to the investigation, valuation and appraisal of the mineral interests and that he committed constructive fraud.

Thereafter, on April 11, 1988, defendant filed a timely motion for change of venue to Dawson County, the county of his residence. Following a hearing on May 19, 1988, the court denied defendant's motion for change of venue. Defendant appeals from this denial.

The sole issue raised on appeal is whether Flathead County is the proper venue for this cause of action. "The general rule governing venue of any civil action is that the action shall be tried in the county in which the defendant resides." Whalen v. Snell (1983), 205 Mont. 299, 301, 667 P.2d 436, 437; see also § 25-2-118(1), MCA. A plaintiff also may choose to bring a contract action in the county were a contract was to be performed. Section 25-2-121(1)(b), MCA; Hardenburgh v. Hardenburgh (1944), 115 Mont. 469, 146 P.2d 151. However, this performance exception applies only if the plaintiff clearly shows that the contracting parties mutually agreed at the time they entered the contract that the contract was to be performed in a particular county other than that of defendant's residence. The particular county must be clear from the express terms of the contract or by necessary implication from the contract terms. Armon v. Stewart (1973), 162 Mont. 262, 264, 511 P.2d 8, 9.

In the present case, the parties did not have a written contract with any such express terms. Further, defendant's oral obligation to evaluate, appraise and recommend certain mineral investments did not necessarily imply any one county for performance. Consequently, the contract performance exception would not apply to this case and would not justify the filing of this action in Flathead County. See Erickson v. Toy (1963), 142 Mont. 121, 385 P.2d 268.

3

A plaintiff also has the option of bringing the action in the county where the alleged tort was committed. By statute:

> If the tort is interrelated with and dependent upon a claim for breach of contract, the tort was committed, for the purpose of determining the proper place of trial, in the county where the contract was to be performed.

Section 25-2-122(2), MCA. This statutory determination of the situs of a tort generally applies only to a hybrid tort/contract case with an interrelated and dependent tort claim and a contract clearly indicating a place of performance. Slovak v. Kentucky Fried Chicken (1974), 164 Mont. 1, 7, 518 P.2d 791, 794.

This statutory determination of the place of a tort in a hybrid case was not intended to create new law but only to codify existing case law. Weiss v. State (Mont. 1986), 712 P.2d 1315, 1317, 43 St.Rep. 82, 84, quoting from Comments by the Montana Supreme Court Commission on the Rules of Evidence. We thus interpret this statute as being in accord with existing case law. Montana case law resorted to this hybrid case rule when the contract clearly indicated a place of performance and the parties contested the place of the tort. See, Slovak, 518 P.2d at 794; see also Brown v. First Federal Sav. & Loan Ass'n of Great Falls (1964), 144 Mont. 149, 394 P.2d 1017. Consequently, when no clear place of performance is indicated in the contract, as in the present case, this hybrid case rule provides little guidance as to where a tort was committed. We therefore will look to the facts to determine the actual place where the alleged tort occurred.

The facts in this case indicate that any tort resulting from defendant's alleged misrepresentation of the proper value of the mineral interests would have had to occur in

4

Flathead County as this is the county where the defendant met with the plaintiffs and the seller and discussed the value of the seller's mineral interests. Consequently, the District Court did not abuse its discretion when it denied defendant's motion to move the action to Dawson County. The District Court had to change the place of trial, upon motion, if the county designated in the complaint was not the proper county. Section 25-2-201(1), MCA. Yet, the facts indicated that the alleged tort occurred in Flathead County and the plaintiffs were thus entitled to file this case in that county.

The District Court's denial of the motion for change of venue is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices