JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
*222 Defendant was entitled to be sued in the county of its residence unless it was a party to a contract to be performed in some other county. In reasoning which adds a new twist to the rules of venue, the majority holds that since some other contract to which defendant was not a party was to be performed in Ravalli County, defendant is somehow subject to suit in Ravalli County.
Plaintiffs filed a complaint against defendant in Ravalli County alleging six causes of action. Count No. 2 was the only cause of action based on contract. It alleged that:
XXVI.
First Citizen’s, through its agent Beck agreed to release its lien against the mobile home and allow title to the mobile home to be transferred to Depees free and clear of its lien on payment of Twelve Thousand Five Hundred and No/100 Dollars ($12,500.00) to Better Homes plus allowance for a trade-in and down payment.
XXVII.
First Citizen’s breached its agreement to release its lien against the mobile home by failing to release its lien after payment in full was received.
There was no written agreement which formed the basis for plaintiffs’ complaint, and according to the allegations of the complaint, there was no place of performance specified in the alleged oral agreement. In Berlin u. Boedecker (1989), 235 Mont. 443, 444-45, 767 P.2d 349, 350, we held under similar circumstances that:
“The general rule governing venue of any civil action is that the action shall be tried in the county in which the defendant resides.” Whalen v. Snell (1983), 205 Mont. 299, 301, 667 P.2d 436, 437; see also § 25-2-118(1), MCA. A plaintiff also may choose to bring a contract action in the county where a contract was to be performed. Section 25-2-121(1)(b), MCA; Hardenburgh v. Hardenburgh (1944), 115 Mont. 469, 146 P.2d 151. However, this performance exception applies only if the plaintiff clearly shows that the contracting parties mutually agreed at the time they entered the contract that the contract was to be performed in a particular county other than that of defendant’s residence. The particular county must be clear from the express terms of the contract or by necessary implication from the contract terms. Armon v. Stewart (1973), 162 Mont. 262, 264, 511 P.2d 8, 9.
*223 Since there was no specified place of performance in this contract, and since the place of performance was not clear from the express allegations in plaintiffs’ complaint, the place for venue, according to Berlin, was the place of defendant’s residence. However, if that general rule of venue is not sufficient, certainly the uncontroverted testimony in this case was sufficient to establish that the place of performance for the contract between Bitterroot Valley Bank and First Citizen’s Bank was a place other than Ravalli County.
The only testimony given regarding the place of First Citizen’s Bank’s performance was given by the vice president in charge of loans from Bitterroot Valley Bank. He testified as follows:
Q. Okay. Now you allege that there was an agreement with First Citizen’s Bank; is that correct?
A. I don’t believe that is correct.
Q. Okay. There was no agreement — you had no agreement with First Citizen’s Bank, is that right, in this case?
A. My agreements, I guess, with First Citizen’s Bank were — if you’d like me to tell the whole scenario now, I can.
Q. I would just like to have you answer the question. Do you contend you had an agreement in this case with First Citizen’s Bank?
A. I guess I would, yes.
Q. Okay. And was that agreement that First Citizen’s Bank would, which you contend, First Citizen’s Bank would release the title to this mobile home?
A. That is correct.
Q. And to whom would First Citizen’s Bank release the title to the mobile home?
A. I was told by Robert Beck at First Citizen’s State Bank of Butte that normal course of business, that he would send the title to the mobile home dealer.
Q. Okay. Who was the mobile home dealer in this case in which the — Mr. and Mrs. Depee purchased the home from.
A. Better Homes of Montana.
Q. Where is that place of business?
A. Out by the airport near Missoula.
Q. In Missoula County?
A. In Missoula County.
The majority points out that there were two separate agreements. There was a written purchase agreement between the mobile home *224 dealer and the purchasers, Brett Depee and Janet Depee. However, defendant First Citizen’s Bank was clearly not a party to that agreement. The second agreement alleged is the agreement between First Citizen’s Bank and Bitterroot Valley Bank. However, according to the uncontroverted testimony of Bitterroot Valley Bank’s own vice president, all of First Citizen’s Bank’s duties pursuant to that agreement were to be performed in Missoula County. The fact that Better Homes, once it received the title from First Citizen’s Bank, might have eventually sent it to Ravalli County pursuant to a separate agreement is irrelevant to the issue of proper venue for enforcement of the contract between Bitterroot Valley Bank and First Citizen’s Bank.
Furthermore, § 25-2-121(2)(a), MCA, which pertains to proper venue within which to enforce contracts for the sale of property or goods, is irrelevant to the issue of proper venue for the suit against First Citizen’s Bank. First Citizen’s Bank was not a party to any contract for the sale and delivery of property or goods.
Because Ravalli County was not the proper venue for suit on plaintiffs’ claim for breach of contract, all of plaintiffs’ claims should have been transferred to Silver Bow County pursuant to defendant’s motion for change of venue. Section 25-2-116, MCA, provides that:
In an action involving two or more claims for which this part designates more than one as a proper place of trial, a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action, subject to the power of the court to separate claims or issues for trial under Rule 42(b) of the Montana Rules of Civil Procedure.
The majority has, in effect, held that because one of the plaintiffs had a contract with a mobile home dealer, who is not a party to this lawsuit, wherein the mobile home dealer agreed to deliver a mobile home in Ravalli County, the defendant bank, which was not a party to that contract and had nothing to say concerning its terms, is subject to suit in Ravalli County. This is, indeed, an interesting and novel approach to venue. If the average practitioner was not previously confused by this Court’s decisions regarding venue, he or she should be now.
Periodically, the Legislature attempts to codify our decisions regarding venue in order to simplify the rules of venue for practicing attorneys. The next time the Legislature attempts to do so it will be interesting to see how it explains this decision.
*225 For the above reasons, I dissent from the opinion of the majority. I would reverse the District Court and order that venue be transferred to Silver Bow County.
JUSTICE GRAY joins in the foregoing dissent.