No.  92-452

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

SHANA LEE STANDLEY,

Plaintiff and Appellant,

v.

THE TRAVELERS INDEMNITY COMPANY OF
ILLINOIS, GREANY INSURANCE SERVICES,
INC., a Montana corporation, and
KAREN BOWERS, Public Administrator
of Lewis and Clark County, Montana,
as Personal Representative of the
Estate of Daniel P. Shute, deceased,

Defendants and Respondents.

APPEAL FROM:   District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edward K. Duckworth, Attorney at Law,
Ronan, Montana; Michael J. McKeon,
Attorney at Law, Butte, Montana

For Respondents:

James R. Walsh and Dennis P. Clarke, Smith,
Walsh, Clarke & Gregoire, Great Falls,
Montana (Travelers);
Shelton C. Williams and Cynthia K. Smith,
Williams & Raney, Missoula, Montana (Greany)

Submitted on Briefs:   December 10, 1992

Decided:   July 6, 1993

FILED

JUL 6  1993

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Shana Lee Standley appeals from an order of the District Court for the Third Judicial District, Powell County, which granted a motion by defendant Greany Insurance Services, Inc., to change venue. We reverse.

The sole issue on appeal is whether the District Court erred when it granted Greany's motion to change venue from Lewis and Clark County to Powell County.

On September 21, 1989, Shana Lee Standley (plaintiff) was severely injured in a single vehicle accident in Lewis and Clark County, Montana. Daniel P. Shute (decedent), the driver of the vehicle, died as a result of the car crash. Plaintiff, a passenger in the car, sustained permanent knee and back injuries and incurred over $50,000 in medical bills. Decedent had only $26,000 in insurance coverage.

At the time of the accident, plaintiff was married to Todd Pocha who had an insurance policy with The Travelers Indemnity Company of Illinois (Travelers) that provided for underinsured motorist coverage in the amount of $500,000. However, plaintiff and her husband had been separated for three months at the time of the accident. When plaintiff made a claim against Travelers for the underinsured motorist coverage, Travelers denied coverage on the grounds that plaintiff was not residing in the same household as her husband at the time of the accident. At the time of the denial of coverage, the couple's policy did not list plaintiff as a named insured.

2

On September 11, 1990, plaintiff filed a complaint in Lewis and Clark County, Montana, against Travelers and Karen Bowers, the Public Administrator of Lewis and Clark County and the personal representative of the decedent's estate. Lewis and Clark County was Bowers' county of residence at the commencement of plaintiff's action. In her complaint, plaintiff asserted a tort claim against Bowers and the decedent's estate, alleging the decedent was negligent in his driving. Plaintiff asserted a breach of contract claim against Travelers, alleging the insurance company failed to pay in accordance with the underinsured motorist coverage purchased by plaintiff and Todd Pocha.

The Travelers policy had been purchased by Todd Pocha and the plaintiff, prior to the accident, through Greany Insurance Services, Inc. (Greany), which is located in Powell County, Montana. During the course of discovery of the breach of contract claim against Travelers, an agent for Greany disclosed to plaintiff's attorney that Travelers had originally issued an oral binder covering plaintiff as a named insured; however, Greany's agent unilaterally removed plaintiff's name as a named insured on the policy at the request of plaintiff's father-in-law, Donald Pocha. Greany had provided no notice to plaintiff of the deletion of her name from the Travelers policy at the time plaintiff's name was removed.

On the basis of this new information, plaintiff amended her complaint to name the Greany agency as a defendant. Plaintiff alleged that Greany acted fraudulently and negligently when it

3

failed to ensure that plaintiff's name would remain on the Travelers policy as a named insured. Plaintiff also added an additional tort claim against Travelers, alleging Travelers acted negligently and fraudulently when it failed to list plaintiff as a named insured on the underinsured motorist coverage.

On June 26, 1992, Greany, a resident of Powell County, moved for change of venue to Powell County, asserting that Lewis and Clark County was not a proper county for any of the claims against Greany. On August 20, 1992, the District Court granted defendant Greany's motion.

The District Court based its decision to change venue to Powell County on three venue statutes. First, the court relied on § 25-2-122(1), MCA, and concluded that because the suit against Greany is strictly in tort, the proper place of trial is the county in which Greany resides. Second, the court relied on § 25-2-118(1), MCA, and explained that, unless otherwise specified, the proper place of trial is the residence of one of the defendants. Finally, the court relied on § 25-2-116, MCA, the provision governing multiple claims. The lower court determined that because plaintiff's complaint contained more than one claim, and Greany was entitled to a change of venue on at least one of the claims against it, Greany was entitled to change venue on all of the claims.

On appeal, plaintiff asserts that the District Court erred when it granted Greany's motion to change venue to Powell County. She asserts that the court's reliance on § 25-2-116, MCA, as the

4

basis for its decision to change venue is misplaced because § 25-2-116, MCA, is inapplicable to her case. Travelers agrees with plaintiff on this matter.

Plaintiff contends that § 25-2-116, MCA, governs actions involving a "single defendant," and therefore, the lower court erred when it applied the statute to plaintiff's case which involved multiple defendants. Furthermore, plaintiff contends that § 25-2-117, MCA, the venue provision governing multiple defendants, is the controlling statute in this case. She contends that pursuant to § 25-2-117, MCA, if Lewis and Clark County was a proper venue for her claim against defendant Bowers, it was also a proper venue for her claims against Travelers and Greany.

However, it is not necessary to reconcile the potentially contradictory provisions of § 25-2-116 and -117, MCA. Plaintiff's claims against Greany sounded in tort. The venue statute for tort claims provides as follows:

> The proper place of trial for a tort action is:
>
> (1) the county in which the defendants, or any of them, reside at the commencement of the action; or
>
> (2) the county where the tort was committed. <u>If the tort is interrelated with and dependent upon a claim for breach of contract, the tort was committed, for the purpose of determining the proper place of trial, in the county where the contract was to be performed.</u> [Emphasis added.]

Section 25-2-122, MCA.

Count I of plaintiff's complaint alleges a tort claim against Bowers and a breach of contract claim against Travelers. Greany

5

concedes that Lewis and Clark County is a proper place of venue for both of the claims included in Count I.

The basis for plaintiff's breach of contract claim against Travelers is that at the time of her accident and injuries plaintiff was covered by an underinsured motorist policy issued by Travelers and that Travelers wrongfully refused to provide her with the coverage to which she is entitled.

The essence of the tort claims against Greany found in Counts II through VI is that if plaintiff was not covered by the Travelers policy, then lack of coverage was due to Greany's negligent or otherwise wrongful conduct. It is clear that the tort claims against Greany are interrelated with and dependent upon the claim for breach of contract against Travelers. If the contract claim against Travelers is successful, then there is no basis for claiming damages against Greany. If the claim against Travelers is unsuccessful, then the lack of coverage which is alleged in Count I is the basis for damages claimed from Greany.

Greany contends that that part of § 25-2-122, MCA, which is highlighted above and relied on in this opinion, has only been applied to single defendants in the past. However, all of the cases relied on by Greany, with the exception of *Berlin v. Boedecker* (1989), 235 Mont. 443, 767 P.2d 349, precede the enactment of § 25-2-122, MCA. Furthermore, there is nothing in the *Berlin* decision, nor in the plain language of § 25-2-122, MCA, which suggests an intention to limit the application of this statute to

6

cases where the tort and contract claim are made against the same defendant.

Since both Lewis and Clark County and Powell County were proper places for venue for plaintiff's claims against Greany under § 25-2-122, MCA, no motion can be granted to change the place of trial on the ground that the action was not brought in a proper county. Section 25-2-115, MCA.

For these reasons, we reverse the order of the District Court granting Greany's motion for change of venue and remand this case to the District Court for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

July 6, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Edward K. Duckworth
Attorney at Law
104 Highway 93 South
Ronan, MT 59864

Michael J. Mc Keon
Attorney at Law
P. O. Box 3329
Butte, MT 59702

James R. Walsh
Smith, Walsh, Clarke & Gregoire
P. O. Box 2227
Great Falls, MT 59403-2227

Shelton C. Williams
Williams & Ranney
P. O. Box 9440
Missoula, MT 59807-9440

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy